IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DEBORAH K. BENTON                                                                    PLAINTIFF

V.                            NO. 08-5254

MICHAEL J. ASTRUE,
Commissioner of Social Security                                                      DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Deborah K. Benton, appealed the Commissioner's denial of benefits to this Court. On January 4, 2010, a Judgment was entered remanding Plaintiff's case to the Commissioner, pursuant to sentence four of 42 U.S.C. §405(g). (Doc.# 9). Plaintiff now moves for an award of $2,350.00 in attorney's fees and $350.00 in filing fees under 28 U.S.C. §2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 18.8 attorney hours of work before the Court at an hourly rate of $125.00 per hour for time spent in this matter. (Doc. # 11). Defendant has filed a response, stating that he has no objection to Plaintiff's motion. (Doc. #12).

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the Court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir. 1986).

Under Shalala v. Schaefer, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party. After reviewing the file, the Court finds that Plaintiff is a prevailing party in this matter.

An award of attorney's fees under the EAJA is appropriate even though at the conclusion of the case, Plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. §406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits, does no more than reimburse the claimant for his or her expenses and results in no windfall to the attorney.

Meyers v. Heckler, 625 F. Supp. 228, 231 (S.D. Ohio 1985). Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. Id. See also, Cornella v. Schweiker, 728 F.2d 978 (8th Cir. 1984).

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the novelty and difficulty of questions involved; the skill required to handle the problems presented; the preclusion of employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the attorney's experience, reputation and ability; the "undesirability" of the case; the

AO72A
(Rev. 8/82)

nature and length of the professional relationship with the client; and awards in similar cases. Hensley v. Eckerhart, 461 U.S. 424, 430 (1983).

However, the EAJA is not designed to reimburse without limit. Pierce v. Underwood, 487 U.S. 552, 573 (1988). The Court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. Clements v. Astrue, 2009 WL 4508480 (W.D. Ark. Dec. 1, 2009); see also Decker v. Sullivan, 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award."). The Contract with America Advancement Act of 1996, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for EAJA fee awards from $75.00 to $125.00 per hour. See 28 U.S.C. § 2412(d)(2)(A).

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." Id. Where documentation is inadequate, the Court may reduce the award accordingly. Hensley, 461 U.S. at 433 (1983).

Plaintiff's attorney requests an award under the EAJA at an hourly rate of $125.00, for 18.8 hours, which he asserts he devoted to the representation of Plaintiff in this Court. The party seeking attorney fees bears the burden of proving that the claimed fees are reasonable. Id., 461 U.S. at 437. The Court finds that the requested hourly rate of $125.00 is appropriate, and will next address the number of hours Plaintiff's counsel has alleged he spent in this matter.

The Court has considered the appropriate factors set forth in Hensley. Counsel for the Plaintiff is an experienced attorney in social security matters, and although the transcript in this case was almost six hundred pages in length, the questions involved were not unduly complicated. The Court recommends that the following time submitted by Plaintiff's counsel should be reduced for the reasons set forth below:

Plaintiff's counsel contends that he spent 1 hour preparing a Civil Cover Sheet and Filing the Complaint. This work is clerical in nature and is routinely performed by support staff. Work which could have been completed by support staff is not compensable under the EAJA. Granville House, Inc. v. Department of HEW, 813 F.2d 881, 884 (8th Cir. 1987). Therefore, the Court recommends this amount of 1 hour be subtracted.

Plaintiff's counsel contends he spent 1.50 hours preparing the Certified Letter, with Complaint & Summons to Defendants. Again, it appears that some of this work is clerical in nature and is routinely performed by support staff. The Court recommends this amount should be reduced by .75 hours.

Plaintiff's counsel contends he spent .5 hours reviewing Defendant's Answer to the Complaint. The Answer was 2 ½ pages in length, and should not have taken more than .25 hours to review, and the Court recommends this amount be reduced by .25 hours.

Plaintiff's counsel alleges he spent 2 hours reviewing Defendant's Appeal Brief. Said brief was 19 pages in length and should not have taken more than 1 hour to review. Therefore, the Court recommends this amount should be reduced by 1 hour.

Plaintiff's counsel seek to recover a fee for .8 hours for preparation of Plaintiff's Response to Defendant's Appeal Brief/File. This document was 1 page in length and should

have taken no more than .4 hours. The Court therefore recommends this amount be reduced by .4 hours.

Plaintiff's counsel seeks to recover a fee for 1 hour spent to review the "Motion to Remand." The Court is unsure what document Plaintiff's counsel is referencing, unless he is referring to the undersigned's Report and Recommendation, filed on December 9, 2009, recommending the matter be remanded to the ALJ. In any event, this document was 12 pages in length and should not have taken more than .50 to review. The Court therefore recommends this amount should be reduced by .50 hours.

Based upon the foregoing, the Court recommends that Plaintiff's counsel be awarded compensation under the EAJA for: 14.9 hours ( 18.8 hours minus 3.9 hours) at a rate of $125.00 per hour, for a total attorney's fee award of $1,862.50, plus the filing fee of $350.00 as expenses, for a total award of $2,212.50. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future. Further, this award should be paid directly to Plaintiff's counsel. Ratliff v. Astrue, 540 F.3d 800, 802 (8th Cir. 2008), cert. granted, 130 S. Ct. 48 (2009).

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the**

AO72A
(Rev. 8/82)

**district court.**

DATED this 29th day of March, 2010.

/s/ *Erin L. Setser*
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE